Daniel, J.
 

 The court charged the jury, that, if the road had been, in point of fact, used by the public, without obstruction or hindrance for twenty years or more, a grant from the owners of the land, over which the road ran, might be presumed after that lapse of time. This part of the charge, we think, was correct; and it was as favorable to the defendant as he had any right to expect.
 
 State
 
 v.
 
 Marble,
 
 4 Ired. 318. Secondly, the court charged the jury, that, if the defendant had either commanded the nuisance to be erected, or after it was done, he had kept it up, using the field for agriculture, and continued the fence around
 
 it for
 
 that purpose, he was guilty. This part of the charge, we think, was also correct. In the case of the
 
 State
 
 v. Pollok, 4 Ired. 303, the proprietor of the land (where a gate had unlawfully been erected across a public road) sold it to A. who never actually entered into the land, but leased it to others as his tenants, who
 
 kept up
 
 the gate. This court said, that the tenants who used the
 
 *371
 
 gate by keeping it closed and impeding the travel, were no doubt guilty. The judgment must be affirmed, and this opin-' ion certified.
 

 Per Curiam, Ordered to be certified accordingly.